```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA


BARBARA C. GUILLOT                        CIVIL ACTION

VERSUS                                    NO: 06-8050

ALLSTATE INSURANCE COMPANY                SECTION: "R"(4)
```

### ORDER AND REASONS

Before the Court is defendant Allstate Insurance Company's motion for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure.  For the following reasons, the Court GRANTS the motion.


**I.   BACKGROUND**

Plaintiff Barbara Guillot sued Allstate in state court on August 23, 2006.  Plaintiff has an Allstate homeowner's insurance policy and also carries a National Flood Insurance Policy ("NFIP") issued by Allstate. (Compl. ¶¶ 6, 16, R. Doc. 1-2).  In her Complaint, plaintiff alleges that Hurricane Katrina caused

extensive damage to her home, attached boathouse, fence, and dock.  Plaintiff alleges that she reported the damage to Allstate and made a demand for payment but has not been sufficiently compensated by Allstate for her losses. (*Id.* ¶¶ 17-18). Plaintiff further alleges that Allstate is liable to her for breach of contract, penalties, and attorneys' fees pursuant to Louisiana Revised Statutes §§ 22:1220 and 22:658. (*Id.* ¶¶ 21, 23-24).  Defendant removed the case to this Court on October 13, 2006. (R. Doc. 1).

## II.  LEGAL STANDARD

Allstate styled its motion as a motion for summary judgment, but addresses only plaintiff's claims regarding her Standard Flood Insurance Policy ("SFIP"), not her homeowner's policy.  The Court will therefore consider the motion as a motion for partial summary judgment.

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).  A court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury

to return a verdict in her favor." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The moving party bears the burden of establishing that there are no genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325; *see also Lavespere*, 910 F.2d at 178. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See Celotex*, 477 U.S. at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue exists for trial. *See id.* at 325; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1996).

**III. DISCUSSION**

    **A.    Raske Affidavit**

Plaintiff asks the Court to strike the affidavit of Jason Raske that Allstate submits in support of its motion for summary judgment. The Court finds no basis to strike the affidavit.

Mr. Raske attests to having personal knowledge of the matters sworn to and to having personally reviewed Allstate's records respecting plaintiff's flood loss claim. (*See* R. Doc. 31-5 at 1). Although Mr. Raske's position was not included in his affidavit, Allstate has provided another affidavit signed by Mr. Raske in which he attests that he is a Flood Team Leader for Allstate Insurance Company. (R. Doc. 50-4). Mr. Raske signed that affidavit on November 19, 2007, seven days after he signed the affidavit Allstate submitted in this case. The Court finds that as Flood Team Leader for Allstate, Mr. Raske is competent to testify to the matters in his affidavit. *See* Fed. R. Civ. P. 56(e).

### B. Breach of Contract Claims

Allstate first contends that plaintiff's breach of contract claim is barred because plaintiff did not comply with the conditions precedent set forth in her SFIP before she filed suit. Specifically, plaintiff failed to comply with Articles VII(J)(3) and (4), which require, respectively, a policyholder to provide documentation of a loss and to submit a signed and sworn proof of loss on a timely basis. *See* 44 C.F.R. Pt. 61, App. A(1), Art. VII. Defendant asserts that plaintiff's claims are barred because she has breached the contract. *See id.* at Art. VII(R) ("You may not sue us to recover money under this policy unless

you have complied with all the requirements of the policy."). The Court finds that plaintiff's flood claims must be dismissed for failure to comply with the SFIP. *See Forman v. FEMA*, 138 F.3d 543 (5th Cir. 1998) (provisions of the SFIP must be strictly construed and enforced).

First, plaintiff does not dispute Allstate's evidence that she failed to provide documentation of her loss. Article VII(J)(3) requires in cases of loss that the insured "[p]repare an inventory of damaged property showing the quantity, description, actual cash value, and amount of loss." The only relevant evidence plaintiff has introduced is a damage estimate prepared by Cox Construction. (R. Doc. 50-4). As noted by defendant, the estimate does not satisfy the requirements set out in Article VII(J)(3). It is almost illegible, does not include a complete inventory, does not specify the property to which the estimate applies, and does not specify whether items were destroyed or damaged. *See Durkin v. State Farm Mutual Ins. Co.*, 3 F. Supp. 2d 724 (E.D. La. 1997) (holding that plaintiff's failure to provide inventory of lost or damaged items warranted denial of claim under SFIP), *aff'd*, 141 F.3d 1163 (5th Cir. 1998). Plaintiff's failure to provide adequate documentation of her loss is sufficient grounds for granting defendant partial summary judgment. *See, e.g., Gowland v. Aetna*, 143 F.3d 951, 954 (5th

Cir. 1998) ("it is clear that giving notice of loss and providing a sworn proof of loss statement are separate and distinct requirements of the policy").

Second, plaintiff did not submit to Allstate a sworn proof of loss before she filed suit, as is required by Article VII(J)(4).  Plaintiff does not deny this, but contends that her complaint constitutes adequate proof of loss.  Putting aside the question of whether a policyholder can provide its flood carrier with proof of loss in the form of a verified complaint in a lawsuit and still comply with Article VII(R), the Court does not find that plaintiff's complaint provides all of the information required by Article VII(J)(4).[1]  Plaintiff does not include in

---

[1] 44 C.F.R. Pt. 61, App. A(1), Art. VII(J)(4) provides:
"Within 60 days after the loss, send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you, and which furnishes us with the following information:
a. The date and time of loss;
b. A brief explanation of how the loss happened;
c. Your interest (for example, "owner") and the interest, if any, of others in the damaged property;
d. Details of any other insurance that may cover the loss;
e. Changes in title or occupancy of the covered property during the term of the policy;
f. Specifications of damaged buildings and detailed repair estimates;
g. Names of mortgagees or anyone else having a lien, charge, or claim against the insured property;
h. Details about who occupied any insured building at the time of the loss and for what purpose; and
i. The inventory of damaged personal property described in J.3. above."

her complaint a statement of the amount she is claiming under the policy. Further, the Court finds plaintiff's contention that the complaint includes specifications of damage to buildings and repair estimates entirely without merit. (Pl.'s Opp'n at 8, R. Doc. 46; *see also* Compl. ¶¶ 17, 20, 23 (noting only "extensive damage," that "structures had been 'racked,'" and claiming "total destruction")). Plaintiff's breach of contract claim is therefore barred on this basis as well. *See Richardson v. Paulison*, 2007 WL 647289, at *2 n.3 (E.D. La. 2007) (finding that a complaint cannot be considered as proof of loss where it does not provide all the information required by Article VII(J)(4)); *Lafon v. State Farm Fire and Cas. Co.*, 1999 WL 511400, *2 (E.D. La. 1999) (holding that an insured's failure to provide a complete, sworn proof of loss statement as required by the flood insurance policy relieves the federal insurer's obligation to pay what otherwise might be a valid claim).

**C.   Extra-Contractual Claims**

Defendant further contends that as a holder of an SFIP, plaintiff cannot assert extra-contractual state-law claims, because such claims are barred and preempted by federal constitutional, statutory, and regulatory law. *See, e.g., Wright v. Allstate Ins. Co.*, 500 F.3d 390 (5th Cir. 2007) (holding that the National Flood Insurance Act does not expressly authorize

policyholders to bring extra-contractual claims against their WYO insurers and that there is no evidence of Congressional intent to allow policyholders to file extra-contractual claims under the Act). Plaintiff does not dispute that these claims are barred. It is unclear from plaintiff's complaint, however, whether plaintiff's extra-contractual claims apply to her homeowner's policy, SFIP, or both. Accordingly, the Court grants Allstate partial summary judgment on plaintiff's extra-contractual claims to the extent that they apply to plaintiff's allegations regarding Allstate's adjustment of her flood claim.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS defendant partial summary judgment. Plaintiff's breach of contract and state law extra-contractual claims under plaintiff's flood policy are dismissed with prejudice.

New Orleans, Louisiana, this  2nd  day of January, 2008.

SARAH S. VANCE
UNITED STATES DISTRICT COURT